UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DB STRUCTURED PRODUCTS, INC.

        Plaintiff,

-against-

INNOVATIVE MORTGAGE CAPITAL, LLC

        Defendant.

Civ. No. 07 CIV 4099

**COMPLAINT**

---

Plaintiff DB Structured Products, Inc. ("DBSP" or "Plaintiff"), by its attorneys Thacher Proffitt & Wood LLP, for its complaint against defendant Innovative Mortgage Capital, LLC ("Defendant") (collectively, the "Parties") alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties.

2. Venue is proper pursuant to 28 U.S.C. § 1391(a).

### THE PARTIES

3. Plaintiff DBSP is a corporation organized and existing under the laws of the State of Delaware. DBSP maintains its principal place of business at 60 Wall Street, New York, New York.

4. Upon information and belief, Defendant is a limited liability company organized and existing under the laws of the State of California, and maintains its principal place of business at 121 Innovation Dr., Suite 120, Irvine, CA.

## FACTUAL ALLEGATIONS

### The Master Mortgage Loan Purchase and Interim Servicing Agreement

5. On or about October 1, 2005, DBSP and Defendant entered into a Master Mortgage Loan Purchase and Interim Servicing Agreement, as thereafter amended and restated (the "Purchase Agreement"). A copy of the Purchase Agreement is attached hereto as Exhibit 1. Exhibit 1 is hereby incorporated herein as if fully set forth.

6. As set forth in Section 22 of the Purchase Agreement, the Parties agreed that the Purchase Agreement "shall be construed in accordance with the laws of the State of New York without regard to any conflicts of law provisions and the obligations, rights and remedies of the parties hereunder shall be determined in accordance with the laws of the State of New York . . ."

7. In connection with individual transactions between the Parties pursuant to the Purchase Agreement, DBSP and Defendant also entered into letter agreements, including but not limited to, that letter agreement dated January 5, 2006 (collectively, the "Letter Agreements," and together with the Purchase Agreement, the "Agreements").

8. The Letter Agreements state that they "shall be governed in accordance with the laws of the state of New York, without regard to conflict of laws rules."

### Defendant's Failure to Repurchase
### Loans With Early Payment Defaults From DBSP

9. Pursuant to the Agreements, Defendant from time to time offered to sell and DBSP agreed to purchase certain mortgage loans ("Mortgage Loans") in accordance with the terms of the Agreements.

10. Pursuant to Section 7.05 of the Purchase Agreement and Section 2(c) of the Letter Agreement, in connection with the Mortgage Loan sales, Defendant agreed to repurchase all Mortgage Loans in early payment default as detailed under the Agreements.

2

11. Certain of the Mortgage Loans experienced early payment defaults, as described in Section 7.05 of the Purchase Agreement and Section 2(c) of the Letter Agreement (hereafter, such Mortgage Loans shall be collectively referred to as "Early Payment Default Loans.") Attached as Exhibit 2 is a schedule of Early Payment Default Loans, which is hereby incorporated herein as if fully set forth.

12. Accordingly, pursuant to Section 7.05 of the Purchase Agreement and Section 2(c) of the Letter Agreements, Defendant is obligated to remit to DBSP the Repurchase Price (as defined in the Agreements) with respect to each Early Payment Default Loan.

13. On April 26, 2007, DBSP issued a written demand to Defendant to repurchase the Early Payment Default Loans for a sum equal to the Repurchase Price on or before May 10, 2007 (the "Demand Letter"). A copy of the Demand Letter is attached hereto as Exhibit 3, which is hereby incorporated herein as if fully set forth.

14. In addition, prior to DBSP's issuance of the Demand Letter, DBSP also notified Defendant via one or more emails and/or other communications that certain Mortgage Loans, including the Early Payment Default Loans, were in early payment default status. In addition to the Demand Letter, these email notifications separately triggered Defendant's obligations to repurchase such Early Payment Default Loans, pursuant to the Agreements.

15. To date, Defendant has failed to repurchase the Early Payment Default Loans from DBSP, notwithstanding its clear contractual obligation to do so.

16. The aggregate Repurchase Price for the Early Payment Default Loans, excluding attorneys' fees and other costs and expenses, exceeds $786,000.

17. DBSP has performed all of its obligations under the Agreements.

18. As a result of Defendant's failure to repurchase the Early Payment Default Loans, DBSP is required to maintain possession and maintenance of the Early Payment Default Loans, and may be exposed to any claims or losses that might be sustained by reason of ownership of each such loan. Moreover, because the Early Payment Default Loans are in default, DBSP is unable to include certain of the Early Payment Default Loans in securitizations or other packages, a specific purpose, known to Defendant, for which DBSP purchased the Early Payment Default Loans. Accordingly, DBSP's harm is not solely monetary and cannot be adequately compensated by damages.

**Indemnification**

19. Pursuant to Section 7.03 of the Purchase Agreement, Defendant agreed to indemnify DBSP for any and all losses, damages, penalties, fines, forfeitures, legal fees and related costs, judgments and any other costs, fees and expenses that DBSP may sustain that results from Defendant's breach of a representation or warranty contained within Section 7 of the Purchase Agreement.

20. Defendant has breached the representations and warranties in Section 7 of the Purchase Agreement that Defendant would repurchase the Early Payment Default Loans from DBSP. As a result, Defendant owes DBSP indemnification for all losses, damages, penalties, fines, forfeitures, legal fees and related costs, judgments and any other costs, fees and expenses that DBSP may sustain.

21. Pursuant to Section 13.01 of the Purchase Agreement, Defendant agreed to indemnify DBSP for any and all claims, losses, damages, penalties, fines, forfeitures, legal fees and related costs, judgments and any other costs, fees and expenses that DBSP may sustain that are in any way related to the failure of Defendant to perform its obligations under the Purchase Agreement.

22. Defendant has failed to perform its obligations under the Purchase Agreement, including the obligation to repurchase the Early Payment Default Loans from DBSP. As a result, Defendant owes DBSP indemnification for all losses, damages, penalties, fines, forfeitures, legal fees and related costs, judgments and any other costs, fees and expenses that DBSP may sustain.

23. Pursuant to the Purchase Agreement, Defendant agreed that it will indemnify DBSP and hold it harmless against all court costs, attorneys' fees and any of the other costs, fees and expenses incurred by DBSP in enforcing the Purchase Agreement.

24. Defendant's indemnification obligations survive the Purchase Date, the termination of the Purchase Agreement and the disqualification or suspension of Defendant.

25. Defendant's indemnification obligations expressly include the legal fees and related costs and any other costs, fees and expenses DBSP may sustain in connection with Defendant's failure to observe and perform its obligations to repurchase the Early Payment Default Loans, including but not limited to, the attorneys' fees and other expenses incurred by DBSP in this action.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract - Agreements)

26. Plaintiff DBSP realleges paragraphs 1 through 25 of this complaint as if fully set forth herein.

27. Under the Agreements, Defendant agreed to repurchase the Early Payment Default Loans from DBSP.

28. DBSP has demanded that Defendant repurchase the Early Payment Default Loans.

29. Defendant has refused and failed to repurchase the Early Payment Default Loans.

30. As a direct, proximate and actual result of Defendant's breach of its obligations to repurchase the Early Payment Default Loans, DBSP has suffered damages in an amount to be determined at trial, but which is not less than $786,000 as of April 19, 2007, plus interest.

## SECOND CLAIM FOR RELIEF
### (Unjust Enrichment)

31. Plaintiff DBSP realleges paragraphs 1 through 30 of this complaint as if fully set forth herein.

32. In consideration of the sale of the Early Payment Default Loans, Defendant received payment from DBSP.

33. Defendant has wrongfully refused to repurchase the Early Payment Default Loans, causing DBSP to lose the use of those moneys due and owing, and requiring DBSP to incur attorneys' fees to recover these costs due under the Agreements. It would be unjust and inequitable to allow Defendant to benefit in this manner.

34. By reason of the foregoing, Defendant has been unjustly enriched at the expense of DBSP, and DBSP has suffered damages in an amount to be established at trial.

## THIRD CLAIM FOR RELIEF
### (Indemnification for Legal Fees And Related Costs)

35. Plaintiff DBSP realleges paragraphs 1 through 34 of this complaint as if fully set forth herein.

36. Pursuant to Sections 7.03 and 13.01 of the Purchase Agreement, Defendant agreed to indemnify DBSP for any and all claims, losses, damages, penalties, fines, forfeitures, legal fees and related costs, judgments, and any other costs, fees and expenses that DBSP may sustain that are in any way related to Defendant's breach of Defendant's representations and warranties or Defendant's failure to observe and perform its duties, obligations, and covenants in strict compliance with the terms of the Purchase Agreement.

37. Defendant has breached its representations and warranties and failed to observe its obligations, causing DBSP to suffer the damages for which Defendant owes indemnity.

38. Defendant is therefore liable to DBSP for all of DBSP's legal fees and related costs, and all other costs, fees and expenses that DBSP has incurred, is incurring and will incur in connection with Defendant's failure to observe and perform its obligation to repurchase the Early Payment Default Loans.

## FOURTH CLAIM FOR RELIEF
### (Specific Performance)

39. Plaintiff DBSP realleges paragraphs 1 through 38 of this complaint as if fully set forth herein.

40. The Agreements are valid, enforceable contracts between Defendant and DBSP.

41. Under the terms of the Agreements, DBSP and Defendant made several valid and enforceable mutual agreements.

42. DBSP substantially performed its obligations under the Agreements by, *inter alia*, purchasing mortgage loans from Defendant pursuant to the terms and provisions of the Agreements.

43. DBSP is willing and able to perform its obligations under the Agreements by, including but not limited to, delivering repurchased loans to Defendant.

44. Upon information and belief, Defendant is able to continue to perform under the Agreements, including but not limited to, repurchasing the Early Payment Default Loans.

45. DBSP has suffered harm resulting from Defendant's refusal to repurchase the Early Payment Default Loans for which there is no adequate remedy at law.

46. DBSP has demanded, and is entitled to, specific performance of Defendant's repurchase obligations under the Agreements.

47. As a result of the foregoing breaches, pursuant to the Agreements, Defendant is obligated to pay DBSP an amount not less than $786,000 as of April 19, 2007, plus interest.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff DBSP respectfully requests judgment against Defendant as follows:

A. Damages in an amount to be determined at trial but not less than $786,000;

B. Specific performance of the Agreements;

C. Attorneys' fees and related costs, and all other costs, fees and expenses that DBSP has incurred, is incurring and will incur in this action in connection with Defendant's failure to observe and perform its obligations under the Agreements; and

D. Such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      May 25, 2007

                                        THACHER PROFFITT & WOOD LLP

                                        By: _____
                                            John P. Doherty (JD-3275)
                                            Richard F. Hans (RH-0110)
                                            Kerry Ford Cunningham (KF-1825)
                                            Brendan E. Zahner (BZ-8645)
                                            Two World Financial Center
                                            New York, New York 10281
                                            (212) 912-7400

                                        *Attorneys for DB Structured Products, Inc.*